**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL SECURITY ARCHIVE,<br><br>Plaintiff,<br>v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION and DEPARTMENT OF JUSTICE,<br><br>Defendants. | Civil Action No. ___________ |

# COMPLAINT

(1) This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Presidential Records Act ("PRA"), 44 U.S.C. §§ 2201–2209, concerns five records requests submitted by Plaintiff National Security Archive (the "Archive") to Defendants National Archives and Records Administration ("NARA") and Department of Justice ("DOJ"). The Archive submitted a request to DOJ on January 31, 2025, seeking records President Donald Trump retained and transported in cardboard boxes to the Mar-a-Lago Club after leaving the White House in 2021, which DOJ subsequently recovered ("Mar-a-Lago Records"). The Archive subsequently submitted four additional requests on September 22, 2026, seeking NARA agency records, Presidential Records administered by NARA, and DOJ agency records concerning the identification, location, custody, processing, transfer, restriction, and disposition of the Mar-a-Lago Records. More than 21 months after submitting its earliest FOIA request, the Archive has yet to receive a single responsive document from DOJ. Nor have DOJ or NARA produced any responsive records in response to the Archive's 2026 requests.

**Jurisdiction and Venue**

(2) This Court has subject-matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

(3) Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because the Archive resides here.

**The Parties**

(4) Plaintiff National Security Archive is an independent, non-governmental research institute and library established in 1985 to advance research and public understanding of governmental and national security decision-making. The Archive collects, analyzes, and publishes documents obtained under FOIA and other sources in order to promote and encourage openness and government accountability. The Archive serves as a repository of government records on a wide range of topics pertaining to the national security, foreign, intelligence, and economic policies of the United States. The Archive is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii). *See Nat'l Sec. Archive v. U.S. Dep't of Def.*, 880 F.2d 1381 (D.C. Cir. 1989), *cert. denied*, 494 U.S. 1029 (1990).

(5) Defendant Department of Justice is a department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). DOJ is headquartered in the District of Columbia.

(6) Defendant National Archives and Records Administration is an independent establishment within the Executive Branch of the United States Government. NARA is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). NARA creates and maintains operational and administrative records concerning the custody, processing, review, access, transfer, restriction, and disposition of federal records. NARA also administers Presidential records under the PRA,

including records from President Trump's first term of office (January 20, 2017 – January 20, 2021) ("First Trump Administration") through the Donald J. Trump Presidential Library and Presidential Records Collection. NARA is headquartered in the District of Columbia.

## BACKGROUND

### *The Presidential Records Act*

(7) According to the Presidential Records Act, all Presidential records—with limited exceptions—become subject to FOIA five years after the end of the President's last consecutive term, at which point NARA assumes responsibility for their custody, control, preservation, and access. 44 U.S.C. §§ 2203(g)(1), 2204(b)(2), 2204(c)(1).

(8) President Donald Trump's first term ended on January 20, 2021.

(9) NARA has stated that First Trump Administration Presidential records became subject to FOIA on January 20, 2026, five years after the end of President Trump's first term.[1]

(10) FOIA requests for Presidential records are submitted to the appropriate Presidential Library, with requests for First Trump Administration Presidential records submitted to the Donald J. Trump Presidential Library.

### *The Mar-a-Lago Records*

(11) President Trump's retention of the Mar-a-Lago Records is a controversial issue of public concern that is of great interest to historians and students of government alike, and merits documentation in the historical record. The Mar-a-Lago Records and the events surrounding their attempted collection by NARA and other federal agencies are an important part of the historical record for this period of American history, including the administration of the PRA.

[1] Nat'l Archives & Recs. Admin., *The Presidential Records Act*, https://www.archives.gov/news/topics/presidential-records-act ("Trump Presidential records will become subject to FOIA on January 20, 2026.")

(12) The events surrounding the retention of the Mar-a-Lago Records received significant public attention, underscoring their importance in history:

(13) Following the end of President Trump's first term in office, NARA sought to recover from Mar-a-Lago what appeared to be missing records subject to the PRA. *See* United States' Response to Motion for Judicial Oversight and Additional Relief at 4, *Trump v. United States*, No. 9:22-cv-81294 (S.D. Fla. Aug. 30, 2022), Dkt. No. 48.

(14) In January 2022, President Trump provided 15 boxes of Mar-a-Lago Records to NARA. *Id.*[2] NARA arranged to transport 15 boxes containing Presidential records from Mar-a-Lago to NARA.[3] Upon examining the records, NARA determined that the boxes contained items marked as containing classified information and referred the matter to DOJ. *Id.* at 5.

(15) DOJ and the Federal Bureau of Investigation ("FBI") ultimately sought access to the 15 boxes pursuant to the PRA's procedures at 44 U.S.C. § 2205(2) that allow for the examination of Presidential records where those records "contain information that is needed for the conduct of current business of the incumbent President's office and that is not otherwise available." *See* Corcoran Letter at 1. NARA provided DOJ and FBI access to the records.[4]

(16) In May 2022, DOJ served President Trump a grand jury subpoena seeking additional records stored at Mar-a-Lago bearing classification markings. *See* Emergency Application for Order Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) for Limited Disclosure of Matter

---

[2] *See also* Letter from David S. Ferriero, Archivist of the United States, to the Hon. Carolyn B. Maloney (Feb. 18, 2022), https://www.archives.gov/files/foia/ferriero-response-to-02.09.2022-maloney-letter.02.18.2022.pdf; Letter from Debra Steidel Wall, Acting Archivist of the United States, to Evan Corcoran (May 10, 2022), https://www.govinfo.gov/app/details/GOVPUB-AE-PURL-gpo187404 ("Corcoran Letter").

[3] Nat'l Archives & Recs. Admin., *Press Statements in Response to Media Queries About Presidential Records* (Feb. 7, 2022), https://www.archives.gov/press/press-releases/2022/nr22-001 ("In mid-January 2022, NARA arranged for the transport from the Trump Mar-a-Lago property in Florida to the National Archives of 15 boxes that contained Presidential records, following discussions with President Trump's representatives in 2021.")

[4] Nat'l Archives & Recs. Admin., *Press Statements in Response to Media Queries About Presidential Records* (April 12, 2023), https://www.archives.gov/press/press-releases/2022/nr22-001 ("NARA provided the FBI with access to the 15 boxes of materials from Mar-a-Lago in accordance with the PRA.")

Occurring Before a Grand Jury at 3, *In re Application of USA*, No. 1:22-gj-00037 (D.D.C. Sept. 2, 2022), Dkt. No. 4 (describing subpoena and the corresponding production of records). President Trump's representatives provided materials in response to this subpoena in June 2022. *Id. See also* United States' Response at 8–10, *Trump v. United States*, No. 9:22-cv-81294, Dkt. No. 48.

(17) In August 2022, the FBI seized additional boxes and containers of records from Mar-a-Lago during a court-authorized search of Mar-a-Lago. *See* Notice of Filing of Redacted Documents at 2, *In re Sealed Search Warrant*, No. 9:22-mj-08332-BER (S.D. Fla. Aug. 11, 2022), Dkt. No. 17; *See also* Application for Order at 5–6, *In re Application of USA*, No. 1:22-gj-00037, Dkt. No. 4. The search yielded thirteen boxes or containers with documents bearing classification markings, adding up to a total of over 100 unique documents bearing classification markings. *See* United States' Response at 13, *Trump v. United States*, No. 9:22-cv-81294, Dkt. No 48.[5]

(18) Following the search and seizure at Mar-a-Lago, highly publicized litigation ensued, including President Trump's request that a special master oversee the handling of the seized material in the Southern District of Florida, *Trump v. United States*, No. 9:22-cv-81294, and a grand jury indictment of President Trump for illegally retaining classified defense information and obstructing government efforts to retrieve such information. *See* Indictment, *United States v. Nauta*, No. 9:23-cr-80101 (S.D. Fla. June 8, 2023), Dkt. No. 3.

(19) NARA has publicly processed numerous FOIA requests for agency records concerning the 15 boxes of Mar-a-Lago Records, including records about inventories, communications, processing, and access, and has made certain responsive NARA records publicly available.[6]

---

[5] *See also* Order at 4, *Trump v. United States*, No. 9:22-cv-81294, Dkt. No. 64 (the FBI seized approximately 11,000 documents).

[6] Nat'l Archives & Recs. Admin., *Press Statements in Response to Media Queries About Presidential Records* (Feb. 7, 2022), https://www.archives.gov/press/press-releases/2022/nr22-001; Nat'l Archives & Recs. Admin., *Records*

(20) The Archive has great interest in ensuring that it—and fellow students of American history for decades to come—understand the full story that played out surrounding the Mar-a-Lago Records. The Archive's requests at issue in this case will help tell the complete story.

## I. PLAINTIFF'S 2025 FOIA REQUEST FOR THE MAR-A-LAGO RECORDS

(21) On January 31, 2025, the Archive submitted to DOJ's Office of Information Policy ("OIP") a FOIA request seeking the Mar-a-Lago Records ("2025 Request"). *See* Ex. A, Letter from T. Blanton, Director, National Security Archive, to FOIA Officer, DOJ (Jan. 31, 2025).

(22) Specifically, the Archive requested the records retained at Mar-a-Lago after President Trump's first term obtained and/or controlled by DOJ, including: (a) records in the 15 boxes transferred to NARA in January 2022, which the request identifies as including 197 documents bearing classification markings; (b) 38 documents bearing classification markings produced to the FBI pursuant to a subpoena in June 2022; and (c) 33 boxes and containers seized by the FBI on August 8, 2022, which the request identifies as including 102 documents bearing classification markings and 11,234 government documents or photographs without classification markings. Ex. A. at 1.

(23) On February 3, 2025, OIP acknowledged the 2025 Request, confirming that it had received the request on January 31, 2025. *See* Ex. B, Letter from D. Hibbard, Chief, Initial Request Staff, OIP, DOJ, to T. Blanton (Feb. 3, 2025). OIP's letter stated that it would need ten additional days to respond to the 2025 Request because of the "unusual circumstances" of needing to "search in and/or consultation with another Office." *Id.* at 1. DOJ also assigned the response to its

---

*Responsive to FOIA Requests About President Trump's Return of 15 Boxes of Records from Mar-a-Lago* (last reviewed Nov. 5, 2026), https://www.archives.gov/foia/15-boxes.

"complex" track. *Id.* at 1. OIP did not provide an expected completion date or a substantive determination.

(24) DOJ's 2025 Annual FOIA Report indicates that their oldest outstanding request dates back to 2014. Ex. C, OIP, *Fiscal Year 2025 Annual Freedom of Information Act Report* (Apr. 22, 2026), at 68. The Annual Report also indicates that it can take DOJ over seven years to respond to requests they determine to be "complex." *Id.* at 47.

(25) To date, DOJ has not identified an expected time frame for its ultimate response to Plaintiff's 2025 Request.

(26) To date, DOJ has failed to produce a single record in response to Plaintiff's 2025 Request.

## II. NARA FOIA REQUEST FOR FINDING AIDS

(27) On September 22, 2026, the Archive submitted a FOIA request to NARA's Office of General Counsel for NARA-created or NARA-maintained finding aids—tools or indices used to help locate and identify records[7]—and operational or administrative records concerning the 15 boxes of Mar-a-Lago Records, the June 2022 Subpoena production, and materials seized under the August 8, 2022 search warrant. *See* Ex. D, Letter from T. Blanton, Director, National Security Archive, to Office of General Counsel, NARA (Sept. 22, 2026) ("NARA Finding Aids Request").

(28) Specifically, the NARA Finding Aids Request seeks all finding aids and other records describing, indexing, inventorying, processing, reviewing, restricting, referring, transferring, returning, or otherwise concerning (1) the 15 boxes of Mar-a-Lago Records, (2) the June 2022 subpoena production, or (3) the materials seized pursuant to the August 2022 search

[7] "Finding aids" include a number of tools used to describe, identify, or organize documents, including but not limited to: inventories, indices, box lists, folder lists, container lists, property receipts, evidence logs, chain of custody records, tracking spreadsheets, tables, and accession records.

warrant. *Id.* at 1–2. It also requests all records concerning NARA's determination that any of the Mar-a-Lago Records constitute Presidential Records. *Id.* at 2.

(29) On September 22, 2026, NARA acknowledged the NARA Finding Aids Request, confirming that it had received the request that same day. *See* Ex. E, Email from Operational FOIA Division, NARA, to W. Valdes, FOIA Coordinator, National Security Archive (Sept. 22, 2026).

(30) On October 21, 2026, NARA informed Plaintiff that it would need ten additional days to respond to the NARA Finding Aids Request because of the "unusual circumstance" of needing "to search for and collect potentially responsive records from an office separate from [the] office which is processing the request." *See* Ex. F, Email from Operational FOIA Division, NARA, to W. Valdes, FOIA Coordinator, National Security Archive (Oct. 21, 2026).

(31) NARA's 2025 Annual FOIA Report indicates that their oldest outstanding request dates back to 2011. Ex. G, *National Archives, Fiscal Year 2025 Annual Freedom of Information Act Report* at 21. The Annual Report also indicates that it can take NARA over 21 years to respond to requests they determine to be "complex." *Id.* at 18.

(32) To date, NARA has not identified an expected time frame for its ultimate response to Plaintiff's NARA Finding Aids Request.

(33) To date, NARA has failed to produce a single record in response to Plaintiff's NARA Finding Aids Request.

## III. NARA FOIA REQUEST CONCERNING LOCATION AND CUSTODY OF MAR-A-LAGO RECORDS

(34) On September 22, 2026, the Archive submitted a FOIA request to NARA's Office of General Counsel for NARA-created or NARA-maintained operational and administrative records relating to the location and custody of the Mar-a-Lago Records. *See* Ex. H, Letter from T.

Blanton, Director, National Security Archive, to Office of General Counsel, NARA (Sept. 22, 2026) ("Location and Custody Request").

(35) Specifically, the Location and Custody Request seeks all records concerning whether any Presidential records, copies, scans, metadata, inventories, indexes, finding aids, placeholders, derivative records, or administrative records concerning any such Presidential records, had been returned or transferred to the custody of the President, the White House, the Trump Presidential Library, DOJ, FBI, NARA, or any other federal entity. *Id.* at 1. The request also seeks all records regarding the present location, custodial status, processing status, access status, archival status, classification review status, privilege review status, restriction status, referral status, transfer status, return status, or disposition status of Presidential records, including Presidential records not currently in NARA custody. *Id.* at 2.

(36) On September 23, 2026, NARA acknowledged the Location and Custody Request, confirming that it had received the request on September 22, 2026. Ex. I, Email from Operational FOIA Division, NARA, to W. Valdes, FOIA Coordinator, National Security Archive (Sept. 23, 2026).

(37) On October 21, 2026, NARA informed Plaintiff that it would need ten additional days to respond to the Location and Custody Request because of the "unusual circumstance" of needing "to search for and collect potentially responsive records from an office separate from [the] office which is processing the request." Ex. J, Email from Operational FOIA Division, NARA, to W. Valdes, FOIA Coordinator, National Security Archive (Oct. 21, 2026).

(38) As stated above, NARA's Annual FOIA Report indicates that they can take over 21 years to respond to FOIA requests. *See supra* ¶ 31.

(39) To date, NARA has not identified an expected time frame for its ultimate response to Plaintiff's Location and Custody Request.

(40) To date, NARA has failed to produce a single record in response to Plaintiff's Location and Custody Request.

## IV. SEPTEMBER 22, 2026 DOJ FOIA REQUEST FOR FINDING AIDS AND DISPOSITION RECORDS

(41) On September 22, 2026, the Archive submitted a FOIA request to OIP seeking DOJ- or FBI-created or maintained finding aids and related agency records concerning the Mar-a-Lago Records. *See* Ex. K, Letter from T. Blanton, Director, National Security Archive, to U.S. Department of Justice (Sept. 22, 2026) ("DOJ Finding Aids Request").

(42) Specifically, the DOJ Finding Aids Request seeks: (1) all finding aids for the Mar-a-Lago Records transferred or returned to President Trump, his representatives, the White House, the Trump Presidential Library or Donald J. Trump Records Collection, and any records reflecting, describing, or memorializing such transfer, (2) all finding aids for any Mar-a-Lago Records not transferred or returned to any of the aforementioned entities, including materials retained by DOJ or FBI or transferred to NARA or another federal agency, and any records reflecting, describing, or memorializing such transfer or retention, (3) all records sufficient to identify the present location and custodial and other status of the Mar-a-Lago Records, (4) legal analyses and decision records concerning the transfer, return, retention, withholding, or review of the Mar-a-Lago Records, and (5) all records identifying documents withheld and the legal basis and reasonably segregable nonexempt portions. *Id.* at 2.

(43) The DOJ Finding Aids Request asks DOJ to conduct searches in the records of OIP, the Justice Management Division, Office of the Attorney General, Office of the Deputy Attorney General, the former Special Counsel's Office or successor record systems, the Federal

Bureau of Investigation, the National Security Division, the Criminal Division, and any other component reasonably likely to maintain responsive records, and to identify any referral or consultation. *Id.* at 3.

(44) On September 23, 2026, OIP acknowledged the DOJ Finding Aids Request, confirming that it had received the request on September 22, 2026. Ex. L, Letter from Initial Request Staff, OIP, to T. Blanton, Director, National Security Archive (Sept. 23, 2026). OIP's letter stated that it would need ten additional days to respond to the DOJ Finding Aids Request because of the "unusual circumstances" of needing to search in and/or consult with another DOJ office. *Id.* at 1. DOJ also assigned the response to its "complex" track. *Id.* OIP did not provide an expected completion date or a substantive determination.

(45) OIP also stated that, absent further direction from the Archive, it would focus its search on official correspondence and emails and attachments. *Id.* On November 2, 2026, the Archive emailed OIP requesting that it also include standalone documents in its search, in addition to correspondence and emails. Ex. M, Email from W. Valdes, FOIA Coordinator, National Security Archive, to FOIA Office, OIP (Nov. 2, 2026).

(46) DOJ's regulations require that its offices re-route misdirected FOIA requests to the proper component or components. 28 C.F.R. § 16.4(c). Here, where the Archive requested that DOJ search the records of various offices, OIP should have routed the Archive's request to any relevant offices. However, OIP declined to do so, stating that the Archive would need to direct the DOJ Finding Aids Request to additional DOJ components, including the Criminal Division, the FBI, and the National Security Division. Ex. L at 1.[8]

---

[8] Accordingly, on November 2, 2026, the Archive submitted three separate FOIA requests to the Criminal Division, the FBI, and the National Security Division. *See* Ex. N, Letter from T. Blanton, Director, National Security Archive, to FOIA Officer, Criminal Division, DOJ (Nov. 2, 2026); Ex. O, Letter from T. Blanton, Director, National Security Archive, to Initial Processing Operations Unit, Record/Information Dissemination Section, FBI (Nov. 2, 2026); Ex.

(47) DOJ can take over 7 years to respond to requests it classifies as "complex." *See supra* ¶ 24.

(48) To date, DOJ has not identified an expected time frame for its ultimate response to Plaintiff's DOJ Finding Aids Request.

(49) To date, DOJ has failed to produce a single record in response to Plaintiff's DOJ Finding Aids Request.

## V. NARA REQUEST FOR FIRST TRUMP ADMINISTRATION PRESIDENTIAL RECORDS

(50) On September 22, 2026, the Archive submitted to NARA, through the Donald J. Trump Presidential Records Collection, a request under FOIA and the PRA for the records contained in the 15 boxes transferred from Mar-a-Lago to NARA in January 2022. *See* Ex. Q, Letter from T. Blanton, Director, National Security Archive, to Donald J. Trump Presidential Records Collection, NARA (Sept. 22, 2026) ("Presidential Library Request").

(51) The Presidential Library Request seeks those Presidential records from the 15 boxes bearing classification markings or containing classified information and those not bearing classification markings. *Id.* The Archive requested that, to the extent any requested records had already been publicly released, NARA direct the Archive to the location where the documents are publicly available and produce any portions not previously released. *Id.*

(52) On October 6, 2026, the Donald J. Trump Presidential Library acknowledged the request, confirming that it received the request on September 22, 2026. *See* Ex. R, Letter from V. Butler, Supervisory Archivist, Donald J. Trump Presidential Library, to T. Blanton, Director, National Security Archive (Oct. 6, 2026). NARA stated that it had identified approximately 6,374

---

P, Letter from T. Blanton, Director, National Security Archive, to FOIA Officer, National Security Division, DOJ (Nov. 2, 2026).

pages of potentially responsive Presidential records, placed the request in its "simple" queue by receipt date, and would process the records under the PRA, FOIA, and the Presidential-notice procedures in 36 C.F.R. § 1270.46. *Id.*

(53) Under 44 U.S.C. § 2204(c)(1), public access to Presidential records, such as those requested in the Presidential Library Request, is administered through FOIA, subject to the PRA's separate access restrictions and privilege procedures. Per NARA, ("Trump Presidential records [became] subject to FOIA on January 20, 2026."[9] FOIA's 20 working day determination requirement applies to this request and that period expired on October 21, 2026. 44 U.S.C. § 2204(c)(1); 5 U.S.C. § 552(a)(6)(A).

(54) NARA can take over 21 years to respond to FOIA requests. *See supra* ¶ 31.

(55) To date, NARA has not identified an expected time frame for its ultimate response to Plaintiff's Presidential Library Request.

(56) To date, NARA has failed to produce a single record in response to Plaintiff's Presidential Library Request.

## CAUSE OF ACTION

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

(57) Plaintiff repeats and realleges Paragraphs 1–56.

(58) Defendants have wrongfully withheld agency records requested by Plaintiff, which include the following:

a) the Mar-a-Lago Records (sought in the 2025 Request),

b) the records contained in the 15 boxes of Mar-a-Lago Records (sought in the Presidential Library Request),

---

[9] Nat'l Archives & Recs. Admin., *The Presidential Records Act*, https://www.archives.gov/news/topics/presidential-records-act.

c) NARA finding aids for the Mar-a-Lago Records (sought in the NARA Finding Aids Request),

d) NARA records relating to location and custody of the Mar-a-Lago Records (sought in the Location and Custody Request), and,

e) the DOJ- or FBI-created finding aids and related records related to the Mar-a-Lago Records (sought in the DOJ Finding Aids Request).

(59) Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's wrongful withholding of the requested records.

(60) Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) order Defendants to promptly disclose the requested records in their entirety and make copies available to Plaintiff;

(2) provide for expeditious proceedings in this action;

(3) award Plaintiffs costs and reasonable fees incurred in this action; and

(4) grant such other relief as the Court may deem just and proper.

Date: November 12, 2026

Respectfully submitted,

*/s/ Hilary T. Jacobs*
John S. Guttmann (D.C. Bar No. 251934)
Hilary T. Jacobs (D.C. Bar No. 1021353)
BEVERIDGE & DIAMOND, P.C.
1350 I Street, N.W., Suite 700
Washington, D.C. 20005-3311
Telephone: (202) 789-6000
Facsimile: (202) 789-6190
Email: jguttmann@bdlaw.com
hjacobs@bdlaw.com

*Counsel for Plaintiff National Security Archive*